IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MILLS EVON SMITH, )
)
    Petitioner, )
)
) CIV-10-263-F
v. )
)
MIKE MULLIN, Warden, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his conviction for Rape in the First Degree entered in the District Court of Oklahoma County, Case No. CF-2005-6044, following a jury trial. Petitioner is serving an eight-year term of imprisonment for this conviction. Respondent has responded to the Petition and filed the relevant state court records, including the original record (hereinafter "OR__") and the trial transcript (hereinafter "TR__"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

I. Background

On October 21, 2005, an information was filed in the District Court of Oklahoma County charging Petitioner with the offense of Rape in the First Degree. The information

1

charged that the rape was committed upon a victim, D.M., who was then under the age of 14 years old, on or about January 10, 2005, in violation of Okla. Stat. tit. 21, §§ 1111 and 1114. Petitioner was arraigned on the charge, and counsel was appointed to represent Petitioner. A preliminary hearing was conducted, and Petitioner was bound over for trial. Four additional charges of Indecent or Lewd Acts with a Child Under 16, in violation of Okla. Stat. tit. 21, § 1123, were filed in the case on March 1, 2006.

Before the trial commenced, an *in camera* hearing was conducted concerning the voluntariness of a statement Petitioner made to law enforcement officers in a videotaped interview on October 17, 2005. At the conclusion of the hearing, the trial court ruled that the statement was admissible as evidence at trial because it was voluntarily made after Petitioner waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966). TR vol. 1, at 5-10. During the trial conducted on August 27-28, 2007, a law enforcement officer, the victim, the victim's mother, and Petitioner testified. The officer testified that during Petitioner's interview he stated he had lived with the victim's mother on several occasions, that he knew the victim, and he admitted sexually assaulting the victim on one occasion when her mother was not at home. The videotape of Petitioner's interview was played for the jury. Petitioner testified that he had been confused during the interview and that he had not assaulted the victim. The jury returned a verdict of guilty on the rape charge and recommended an eight-year term of imprisonment for the offense. The jury found Petitioner not guilty of the remaining charges. On October 26, 2007, Petitioner was sentenced to serve an eight-year term of imprisonment consistent with the jury's recommendation.

Petitioner appealed the conviction and argued that insufficient evidence was presented at trial to support the conviction. Specifically, Petitioner asserted that the victim's testimony was contradictory in several instances and was not corroborated. Petitioner also asserted that prosecutorial misconduct in the form of improper statements by the prosecutor during cross-examination of Petitioner denied him due process and violated the Oklahoma and United States Constitutions. Response, Ex. 1 (Brief of Appellant). In a summary opinion issued in Petitioner's appeal, the Oklahoma Court of Criminal Appeals ("OCCA") rejected both of these arguments and affirmed the conviction and sentence. Response, Ex. 3 (Smith v. State, Case No. F-2007-01114 (Okla. Crim. App. May 4, 2009)(unpublished op.)).

II. Standard of Review

Petitioner now asserts the same two claims that he raised in his direct appeal. Because Petitioner's claims were denied by the OCCA on their merits, the standard for reviewing Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under this standard, habeas relief may be awarded if the state appellate court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). Judicial review is directed to the result of the state appellate court's decision, not its reasoning. Saiz v. Ortiz, 392 F.3d 1166, 1176 (10th Cir. 2004), cert. denied, 545 U.S. 1146 (2005). Federal courts must apply a "level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf.

Rep. No. 104-518, p. 111 (1996)). If there is no clearly established federal law in Supreme Court decisions involving facts that are closely-related or similar to those in the case being reviewed, the court need not assess whether the state court's holding was "contrary to" or an "unreasonable application" of established federal law. House v. Hatch, 527 F.3d 1010, 1016-1017 (10th Cir. 2008)(interpreting Carey v. Musladin, 549 U.S. 70 (2006)), cert. denied, __ U.S. __, 129 S.Ct. 1345(2009). Where the Supreme Court's "cases give no clear answer to the question presented, ...., it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law," and habeas "relief is unauthorized" under the explicit language of 28 U.S.C. § 2254(d)(1). Wright v. Van Patten, 552 U.S. 120, 128 S.Ct. 743, 747 (2008)(internal quotation and citation omitted).

If "the threshold question as to the existence of clearly established federal law" is answered affirmatively, then the reviewing court must determine whether the state court decision is either contrary to or an unreasonable application of that law. House, 527 F. 3d at 1010, 1018. A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Williams, 529 U.S. at 405-406, 413.

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). With respect to the

4

"unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court precedent] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted).

As to any factual issues raised in the Petition, the court must determine whether the state appellate court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In this regard, AEDPA mandates that factual findings made by a state trial or appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III. Sufficiency of the Evidence

Petitioner contends that the evidence was insufficient to support a finding that he raped the victim. In Petitioner's appeal, the OCCA applied the correct standard established in Jackson v. Virginia, 443 U.S. 307, 319 (1979). Although the OCCA did not expressly refer to the Jackson decision, the court applied the standard set forth in Williams v. State, 188 P.3d 208, 226 (Okla. Crim. App. 2008), cert. denied, __ U.S. __, 129 S.Ct. 1529 (2009), which mirrors the Jackson standard. Judicial review of Petitioner's habeas challenge to the sufficiency of the evidence presented at trial "does not focus on whether the trier of fact

5

made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 402 (1993). For habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319; see Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996)(quoting Jackson); Williams, 188 P.3d at 226.

In a rape case in Oklahoma, corroboration of a witness's testimony is required "only where the testimony is so unsubstantial and incredible as to be unworthy of belief." Gilmore v. State, 855 P.2d 143, 145 (Okla. Crim. App. 1993). Petitioner contended in his direct appeal that the victim's trial testimony was inconsistent and contradictory when compared with the victim's pretrial statements to law enforcement. Because the victim's trial testimony was not corroborated by other direct or circumstantial evidence, Petitioner argued that the victim's uncorroborated testimony could not provide evidence sufficient to support the guilty verdict. Petitioner pointed to inconsistencies in the victim's description of what she was wearing at the time of the assault and whether she was asleep or awake immediately before the assault. Petitioner also pointed to the victim's testimony during cross-examination that she did not remember whether her pretrial statements were truthful and also pointed to the victim's eight month delay in reporting the assault to law enforcement. The OCCA readily rejected this claim based on its finding that "[c]ontrary to [Petitioner's] claim that the victim's testimony lacked required corroboration, the record shows that the victim's testimony was corroborated by [Petitioner's] own videotaped statement to police." Response,

6

Ex. 3, at 2 (footnote omitted).

In his Petition, Petitioner contends that at trial the victim was shown to have "lied on numerous occasions" and "could not keep her story straight because it never happened." Petition, at 4. The OCCA, however, assumed that the victim's testimony was contradictory and therefore corroboration was required. The OCCA found sufficient corroboration of the victim's testimony was presented at trial through Petitioner's own videotaped statement and therefore a rational jury could find the essential elements of the rape offense beyond a reasonable doubt. Petitioner has not demonstrated that this conclusion was contrary to or unreasonably applied the prevailing Jackson standard. Consequently, Petitioner is not entitled to habeas relief concerning this issue.

IV. Prosecutorial Misconduct

Petitioner contends, as he did in his direct appeal, that prosecutorial misconduct denied him due process and a fair trial. In this claim, Petitioner refers to "several derogatory statements" made by the prosecutor during cross-examination of Petitioner. In one of these instances, the prosecutor stated, "Okay. You know what, there's another very famous person that had that interpretation, too. Tell me what sex means to you." TR vol. II, at 144. This statement was made after Petitioner denied that he had sex even though he admitted he was wearing a condom. Defense counsel objected to this statement, and the objection was sustained. TR vol. II, at 145. Petitioner points to another statement by the prosecutor made during cross-examination of Petitioner. In this instance, the prosecutor asked Petitioner if the victim "look[ed] safe here today" and Petitioner responded that "[s]he's safe." TR vol.

7

II, at 134. The prosecutor then stated, "She's safe. Now that she is away from you?" Id. Defense counsel objected to this question, and the objection was sustained. Id. Petitioner points to a third and final statement made by the prosecutor. In this instance, Petitioner denied raping the victim and the prosecutor stated, "You need the jury to believe that, don't you?" TR vol. II, at 150. Defense counsel's objection to this question was sustained.

Petitioner does not allege that the prosecutor's argument directly affected a specific constitutional right. Under these circumstances, "[h]abeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998)(citing Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974)), cert. denied, 526 U.S. 1052 (1999). This determination is made "only after considering all of the surrounding circumstances, including the strength of the state's case." Malicoat v. Mullin, 426 F.3d 1241, 1255 (10th Cir. 2005), cert. denied, 547 U.S. 1181 (2006).

In Petitioner's appeal, the OCCA concluded that Petitioner was not denied a fair trial due to prosecutorial misconduct. The OCCA specifically found that "[t]he three instances about which [Petitioner] complains were objected to and the objections were sustained, curing any error. The trial court did not err by declining to admonish the jury because doing so would have magnified the possibility of prejudice." Response, Ex. 3, at 2 (footnotes omitted).

The trial court sustained objections to each of the statements which Petitioner claims constituted prosecutorial misconduct. Thus, the trial court mitigated any prejudice that might

8

have stemmed from the prosecutor's statements. Moreover, the evidence admitted at Petitioner's trial included a videotaped statement made by Petitioner during an interview with law enforcement officers in October 2005, approximately eight months after the assault. During this interview, Petitioner admitted he had sexually assaulted the victim on one occasion. TR vol. I, at 52. Petitioner's own admission as well as the testimony of the victim, which was largely consistent with the statement made by Petitioner, provided substantial evidence of his guilt. In light of the substantial evidence of Petitioner's guilt presented at his trial and the fact that defense counsel's objections to the three statements were sustained, the OCCA reasonably concluded that Petitioner's due process rights were not denied by the prosecutor's statements made during cross-examination of Petitioner. Petitioner has not demonstrated that the OCCA's decision is contrary to or an unreasonable application of the Donnelly standard. Thus, Petitioner is not entitled to habeas relief concerning this issue.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___July 19th___, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the

first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __28th__ day of __June__, 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE